

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> TIMUR SAFIN, <br> Defendant. | Case No.  16-825M <br><br> ORDER OF DETENTION |

### I.

The Court conducted a detention hearing on May 16, 2016.  Assistant U.S. Attorney Poonam Kumar  appeared on behalf of Plaintiff United States of America, and Vitaly B. Sigal  appeared on behalf of  Defendant Timur Safin who was assisted by a Russian language interpreter.

The Court has reviewed the updated Pre Trial Services Report and the Report that was previously issued at Defendant's initial appearance.  Pre-trial Services continues to recommend detention.  The Court has also received and reviewed three letters submitted on behalf of Defendant.  The Court heard

1   arguments from counsel.  The Government continues to request detention.

2   Defendant requests release on an unjustified Appearance Bond posted by an

3   individual with whom Defendant is acquainted.

4

5        The Court  continues to believe that there are presently no condition or

6   combination of conditions that will reasonably assure both the appearance of the

7   Defendant as required and the safety of any person or the community.  Although

8   the Court believes that it can impose conditions such as home incarceration with

9   electronic monitoring to address concerns regarding flight or non-appearance, such

10  restrictions do not give the Court sufficient assurance in this case regarding the

11  potential for flight and financial danger to others or the community.  The Court

12  notes that despite the availability of a surety who is acquainted with the Defendant,

13  background information regarding the Defendant remains unverified.

14  Furthermore, Defendant has substantial ties to Russia as demonstrated by his

15  frequent travel to visit his family residing there.  Defendant informed Pretrial

16  Services that his last trip to Russia was in December 2015 and government counsel

17  stated at the hearing that at the time of his arrest, Defendant was about to leave for

18  Russia.  Although Defendant claimed that he was leaving to visit family and

19  intended to return to the U.S., the Court finds that the following circumstances

20  suggest otherwise: The co-defendants  were arrested on April 19, 2016 ( two days

21  prior to defendant's arrest), Defendant wire-transferred funds to Russia on April 20

22  and 21, and Defendant was in possession of $12,000 in currency, was selling his

23  car, and had not yet purchased a ticket for travel at the time of his arrest.  The

24  Court finds the combination of these factors give rise to a compelling inference

25  that Defendant was preparing to flee the United States as a result of the pending

26  criminal charges. Moreover, despite Defendant's 18-monh marriage to Ms. Estrada

27  and notwithstanding the letter she submitted in support of Defendant's release,

28  Defendant reported to Pretrial Services that he and his wife were estranged and that

*he* planned to file for divorce. Pre-trial Services also reported discrepancies with respect to Defendant's residence address: the address reported by Defendant was different from the address on his California Driver's License and neither address matched the address reported by Ms. Estrada. The Court also notes that Defendant does not have permanent legal status in the United States as the green card that has been issued to him will expire in the fall of 2016. Finally, the Court notes that lack of sufficient information about Defendant's employment and source of the funds in Defendant's possession and funds that were recently wire-transferred to Russia suggest that Defendant lacks ties to this district. All of these factors lead the Court to find that Defendant remains at risk, if released, for non-appearance at future court proceedings. The Court also finds, based on the alleged offense conduct and the significant amount of loss alleged in the entire scheme as well as the loss attributed to Defendant, that Defendant's release will also pose a financial threat to individuals and the community.

The Court has considered: (a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] .

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal

1 | for the purpose of an appearance in connection with a court proceeding.

2 | [18 U.S.C. § 3142(i)]

3

4 | Dated: May 16, 2016

_____/s/_____

ALKA SAGAR

UNITED STATES MAGISTRATE JUDGE

4